UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANKIE TORRES,
LAMONTE A. EALY,
LAWRENCE W. THOMAS,
NICO LEE,
TERENCE BERNARD,
DAVID ALLEN, and
ARRON BOWENS,

       Plaintiffs,

     -vs-                                    Case No. 14-CV-1454

MILWAUKEE COUNTY JAIL,
SHERIFF DEPARTMENT,
DAVID A. CLARKE, JR.,
KEVIN NYKLEWICZ,
ERIN GROVE,
CAPTAIN BERUCKI,
LT. TOWNENS, and
MRS. BERMISTER,

       Defendants.

## DECISION AND ORDER

The seven plaintiffs were all inmates at the Milwaukee County Jail when they filed this action on November 18 2014. This case reveals the pitfalls of prisoners attempting to litigate a *pro se* case together.

Only one plaintiff, Frankie Torres, filed a motion for leave to proceed *in forma pauperis* with the complaint. Two more plaintiffs, Nico Lee and Arron Bowens, filed motions for leave to proceed *in forma pauperis* in

response to a letter from the Court. The Court directed each of these three plaintiffs to pay an initial partial filing fee; the amount for each plaintiff varied due to each inmate's financial circumstances. Only two of the three plaintiffs paid their initial partial filing fees. The Court will grant the motions for leave to proceed *in forma pauperis* filed by those two plaintiffs, Frankie Torres and Nico Lee, and proceed to screen the complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or

laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the plaintiffs' complaint, their sub pod (4B Sub Pod A) was locked down from October 25 to October 30, 2014, due to a physical altercation that took place in 4B Sub Pod B, even though the sub pods are separated by secure doors and a brick wall. The lockdown lasted for five days and was in place 24 hours a day. The rest of the Milwaukee County Jail and even the rest of the fourth floor were not on lockdown. During the lockdown, the plaintiffs ate all of their meals in their cells and were deprived of gym access, shaving, and showers. They also were deprived of telephone calls and locked in their cells 24 hours per day, even though inmates in disciplinary confinement get one hour out per day. At the end of their statement of claim, the plaintiffs say that daily exercise was neglected on 4B for months prior to October.

- 4 -

Case 2:14-cv-01454-RTR   Filed 06/22/15   Page 4 of 11   Document 15

"A pretrial detainee cannot be placed in segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002) (citations omitted). "But no process is required if he is placed in segregation not as a punishment but for managerial reasons." *Id.* (citations omitted). In *Higgs*, a pretrial detained got into a fight with another inmate and was placed in segregation without a hearing for 34 days before being allowed to join the general jail population. *Id.* The Seventh Circuit focused on whether the segregation was preventive or punitive and indicated that a hearing would not be practicable in preventive cases "because managerial decisions do not have the character of rulings applying legal standards to facts, the kind of rulings for which adjudicative hearings are designed." *Id.*

In this case, the plaintiffs were placed on lockdown for five days in response to a security threat. "A hearing before or after the lockdown would frustrate the jail's efforts to restore order and investigate the threat. Also, a hearing would have served no purpose because the lockdown was an emergency measure, not the result of the application of law to facts." *Campbell v. Sec'y, Dep't of Corr.*, No. 05-C-481-C, 2005 WL 2917465, at *6 (W.D. Wis. Nov. 3, 2005) (citing *Higgs*, 286 F.3d at 438). The plaintiffs

- 5 -

were not entitled to due process under the Fourteenth Amendment.

To the extent the plaintiffs allege that the conditions of confinement cruel and unusual punishment, that claim also arises under the Fourteenth Amendment because the plaintiffs were pretrial detainees. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Nevertheless, the Court uses Eighth Amendment case law as a guide evaluating the claims. *Id.* "Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny the minimal civilized measure of life's necessities, including adequate sanitation and personal hygiene items." *Id.* (quotation and citations omitted).

The lockdown conditions, endured for only five days, did not deny the plaintiff's the minimal civilized measure of life's necessities. They suffered a brief interruption in their hygiene, recreation, and telephone access. And they did not miss any meals, even if they had to eat them in their cells. The closest call is the lack of showers during the five-day lockdown, but the Seventh Circuit has held that "limiting inmates to weekly showers does not violate the Eighth Amendment." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

With regard to recreation, a lack of exercise may rise to a constitutional violation in extreme and prolonged situations where

- 6 -

movement is denied to the point that the inmate's health is threatened. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (prisoner stated a claim who was not permitted to recreate for periods up to seven weeks in succession). The plaintiffs' vague reference to neglected daily exercise with no suggestion of harm to their health is not sufficient to state a claim.

For the foregoing reasons, the plaintiffs' complaint fails to state a claim upon which relief may be granted. The Court will dismiss the case and will assess a strike and the full filing fee as to each of the plaintiffs. *See Boriboune v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004) (each plaintiff in a multi-plaintiff prisoner case must pay the statutory fee and will be held legally responsible for the complaint).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff Frankie Torres's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff' Nico Lee's motion for leave to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court enter

judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of Court document that each of the seven plaintiffs has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that each of the seven inmates has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff Frankie Torres's prison trust account the $266.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff Lamonte A. Ealy's prison trust account the $350.00 balance of the filing fee

- 8 -

by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff Lawrence W. Thomas's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from plaintiff Nico Lee's prison trust account the $331.44 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to

the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from plaintiff Terence Bernard's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from plaintiff David Allen's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff

shall collect from plaintiff Arron Bowens' prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the wardens of the institutions where the inmates are confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857. Copies should also be sent to the Milwaukee County Sheriff and Maricela Castillo and Mary Wenten at the Milwaukee County House of Corrections.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2015.

                                            **BY THE COURT:**

                                            */s/ Rudolph T. Randa*

                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**